**John C. GETREU, Regional Director of the Ninth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ARMCO STEEL CORPORATION, Respondent.**

**Civ. A. No. 5661.**

United States District Court
S. D. Ohio, W. D.
June 12, 1964.

James Fitzpatrick, N.L.R.B., Washington, D. C., Mark Reynolds, N.L.R.B., Cincinnati, Ohio, for plaintiff.

Jerome Powell, Washington, D. C., John C. Griffin, Frank Cummings, Middletown, Ohio, for defendant.

JOHN W. PECK, District Judge.

As stated by the petitioner in the memorandum supporting the petition, this proceeding is before the Court on a petition filed by the Regional Director of the Ninth Region of the National Labor Relations Board (herein called the Board), pursuant to Section 10(j) of the National Labor Relations Act, as amended (29 U.S.C. 160(j); herein called the Act), for a temporary injunction pending the final disposition of the matters involved herein pending before the Board. The petition was filed after issuance of a complaint, pursuant to Section 10(b) of the Act, on a charge filed by United Steelworkers of America, AFL–CIO (herein called Steelworkers), alleging that respondent engaged in unfair labor practices within the meaning of Section 8(a) (1) of the Act (29 U.S.C. 158(a)(1)), and after a trial examiner of the Board had conducted a hearing thereon and issued his Trial Examiner's Decision finding that respondent had violated Section 8(a)(1) of the Act. The Trial Examiner's Decision is pending before the Board on exceptions filed thereto.

The petition herein is predicated on the conclusion that there is reasonable cause to believe respondent has and still is engaged in certain of the unfair labor practices alleged in the complaint of the Board. This conclusion is based on the following facts which are alleged in the petition and which are substantially admitted by respondent.

Respondent Armco is an Ohio corporation engaged in the vicinity of Middletown and New Miami, Ohio, within this judicial district, in the production, fabrication and sale of steel and related metal products. It annually ships to other states products valued far in excess of minimum standards for Board jurisdiction.

Since 1944, Armco Employees Independent Federation, Inc. (herein called Independent) and respondent have been parties to collective bargaining agreements. The current agreement, like previous ones, provides that respondent is to furnish bulletin boards for the posting of notices relating to Independent's business and such other material as may be agreed upon by respondent and Independ-

ent. The agreement further provides that:

> "There shall be no other distribution or posting by employees of literature upon Company property except as approved by the Company."

Although Independent is the certified agent, Steelworkers for some time has been engaged in an organizational campaign among respondent's employees, and Steelworkers adherents among respondent's employees have distributed or attempted to distribute literature among the employees. Respondent has refused and continues to refuse to permit such distribution of literature anywhere on company property, even in non-work areas and non-working time of the employees, claiming that such distribution violates Independent's agreement with the company. Respondent has continued to enforce this contractual prohibition.

On April 24, 1964, Steelworkers petitioned the Board in accordance with Section 9 of the Act to conduct an election by secret ballot among respondent's employees. Pursuant to that petition and a stipulation for certification upon consent election entered into between respondent, Independent, Steelworkers and petitioner on May 20, 1964, agreeing that such election take place on June 18, 1964, with both Independent and Steelworkers on the ballot, petitioner has directed that such Board election be conducted.

Petitioner states the underlying issue in this form:

> "As in the case of traditional equity practice with respect to interlocutory relief, the prerequisite to the granting of the relief contemplated by Section 10(j) is a finding by the district court that there is reasonable cause to believe that a violation of the Act, as charged, has been committed, and that the injunctive relief is just and proper.' "

We pass the question as to whether in so framing the issue petitioner has taken unto himself a greater burden than the law requires. However, the more specific question presented is whether for present purposes this Court is bound by the determination of the Board's hearing examiner or whether it is free to make any determination of its own. Otherwise stated, we must ascertain the weight to be given to the decision of the Director relevant to the operative facts and governing law of this case.

It seems clearly established that so far as any determination of fact is concerned it need here only be found "that The Regional Director of the National Labor Relations Board had reasonable cause to authorize the issuance of a complaint and that the relief sought is appropriate." (Fusco v. Richard W. Kaase Baking Co., 205 F.Supp. 465, 476 (N.D.Ohio 1962) ). The question of the reasonableness of the Director's factual determination is not here presented because the facts are not in dispute. We must still face the question as to whether that principle may be projected to likewise bind us as to a determination of the law. We are not, however, convinced that the mere fact that the Director had reason to make a given determination as to the law precludes our exploration of that area.

It seems clear here that, from his point of view, not only was the Director's determination of the law a reasonable one, but that it was actually the only determination available to him. This results from the fact that the National Labor Relations Board, in Gale Products, Division of Outboard Marine Corp., 142 N.L.R.B. 1246 (1962), specifically held that the type contractual clause here under review is invalid insofar as it prohibits any distribution of literature during non-work times in non-work areas and any solicitation of membership on non-work time on behalf of a labor organization other than the contracting union because it interferes with the employees' right to freely select their representatives as guaranteed by Section 7 of the Act. Petitioner has argued and respondent has all but agreed that the present facts and those of Gale Products are indistinguishable, and it is for this reason that we conclude that the

Director had no alternative but to follow the Board's latest pronouncement of applicable law. However, we do not concede Gale Products to be similarly controlling upon us. Gale Products, by a three-to-two decision which is now pending on appeal in the Seventh Circuit, reversed a series of cases in which it has upheld the validity of similar contractual clauses since 1944 (May Department Stores Co., 59 NLRB 976, and cases following), and the present record indicates reliance on that position in the negotiation of vastly important contracts; respondent has by affidavit here shown that during the nearly twenty years that this was the position of the Board a substantial number of industrial giants—both of management and labor—have come to rely on the legality of such clauses and have included them in collective bargaining agreements.

 At least two opinions of the Supreme Court have expressed a philosophy alien to that of Gale Products (NLRB v. Wooster Division of Borg-Warner Corp., 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823 (1958); NLRB v. American National Insurance Co., 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027 (1952)), and the analogy of contractual provisions curtailing whatever right might otherwise exist in employees to distribute literature on company property to contract provisions limiting the all but sacred right to strike is persuasive. As recognized by all five members of the Board in the Gale Products decision, the validity of the no-strike provision has consistently been upheld by both the Board and the courts and, in our opinion, the continued adherence to this philosophy should be approved. It is accordingly held that on the present state of the law a clause in an executed collective bargaining agreement providing that there shall be no distribution or posting by employees of literature on management property except as approved by management is binding and effective. The record here indicates that the contract was negotiated and executed by the recognized collective bargaining agent on behalf of all employees, and it is held to be binding upon all. In fact, to hold that it is binding on all except those who do not like it (e. g., any dissident employees) would obviously be destructive of the entire provision and perhaps destructive of the entire collective bargaining process. See J. I. Case Co. v. NLRB, 321 U.S. 332, 338, 64 S.Ct. 576, 88 L.Ed. 762 (1944).

In accordance with the foregoing, it is concluded as a matter of law:

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding.

2. The petitioner has failed to establish by the requisite degree of proof that there is reasonable cause to believe that respondent has violated or is violating the Act as charged.

3. Petitioner is not entitled to the relief here sought.

This memorandum shall stand as the Court's findings of fact and conclusions of law within the meaning of Rule 52 of the Federal Rules of Civil Procedure, and in accordance herewith,

It is ordered that the petition for an injunction under Section 10(j) of the National Labor Relations Act, as amended, should be and it is hereby denied.